**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JOHN ALDRIDGE,** | § | **FILED** |
| | § | October 27, 2005 |
| *Plaintiff*, | § | |
| | § | **CLERK, U.S. DISTRICT COURT** |
| **v.** | § | |
| | § | **Civil No. 7:05-CV-088-R** |
| **SECRETARY, UNITED STATES** | § | |
| **DEPARTMENT OF THE AIR FORCE** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Now before the Court is the Motion to Dismiss filed by the United States[1] (filed June 27, 2005) and Plaintiff John Aldridge's Response (filed July 8, 2005).  After a thorough review of all parties' submissions, all matters of record, and all applicable law, Defendant's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

On December 20, 2001, Plaintiff filed an Original Complaint, Cause No. 7:01-CV-0252, in this court alleging medical malpractice on the part of United States Air Force physicians at

---

[1] In a Federal Torts Claim Act (FTCA) case, the only proper defendant is the United States of America.  28 U.S.C. § 2671(a).  Although Plaintiff filed this claim against the Secretary of the United States Department of the Air Force, Defendant states that it moves to dismiss on the behalf of the United States.  (*See* Def.'s Motion at 1).

Sheppards Air Force Base, Wichita Falls, Texas.[2]  Among other things, he claimed that the Air Force physicians violated their standard of care when they failed to properly diagnose a scalp lesion prior to October 1991.  Plaintiff filed an administrative claim on this issue in 1999, eight years after his claim accrued.  As Plaintiff failed to meet the statute of limitations requirement of the FTCA,[3] this Court dismissed the skin cancer claim in *Aldridge I* on October 31, 2002 due to lack of jurisdiction.

On April 26, 2005, Plaintiff filed the present complaint *pro se* under the FTCA, alleging that he had a "hazy memory," and, in fact, he did not call attention to the lesion on or before October 1991, as he had originally claimed.  (*See* Compl. at 1).  Instead, he alleges that his FTCA claim accrued in June 2002, when he received medical records during *Aldridge I* discovery revealing record of the lesion in a September 1968 physical examination.  (*See* Compl. at 3).  Plaintiff contends that the Air Force's failure to provide "follow up action. . ." after the September 1968 physical constituted negligence.  (*See* Compl. at 2).  As a new basis for his present claim, Plaintiff presented an administrative claim to the Department of the Air Force on April 19, 2004.  The Air Force issued an administrative denial to Plaintiff's claim on February 4, 2005.  Defendant filed its Motion to Dismiss on June 27, 2005.

---

[2] Plaintiff has filed multiple lawsuits against Defendant (four of which, Cause No. 7:05-CV-265, Cause No. 7:05-CV-065, Cause No. 7:04-CV-0098, Cause No. 7:01-CV-0252, and Cause No. 7:04-CV-0001, were consolidated into Cause No. 7:01-CV-0252).  In light of this, for convenience this Court will hereinafter refer to the original December 20, 2001 claim, Cause No. 7:01-CV-0252, as "*Aldridge I.*"

[3] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. . ." 28 U.S.C. § 2401(b).

MEMORANDUM OPINION AND ORDER – PAGE 2

## II. ANALYSIS

**A.      Standard for 12(b)(1) and 12(b)(6) Motions**

Defendant moves to dismiss under Rule 12(b)(1) lack of subject matter jurisdiction and Rule 12(b)(6) failure to state a claim.  (*See* Def.'s Mot. at 3-4).  Rule 12(b)(1) authorizes dismissal of an action where the court lacks subject matters jurisdiction, or where there is no case or controversy presented.  FED. R. CIV. P. 12(b)(1); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350-51 (5th Cir. 1989).

A Rule 12(b)(1) motion may be decided on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  A court must take the facts as true and resolve inferences and doubts in the plaintiff's favor.  *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

Rule 12(b)(1) challenges come in two forms: "facial" attacks and "factual" attacks.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings.  *Id.*  The court examines whether the allegations in the complaint are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true. *Id.*  When accompanied by supporting evidence, however, a 12(b)(1) challenge is a factual attack.  *Id.*  A plaintiff responding to a factual attack on the court's jurisdiction bears the burden

of proving by a preponderance of the evidence that the court has subject matter jurisdiction.  *Id.*[4]

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing the attack on the merits.  *Id.*  Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."[5]  Fed. R. Civ. P. 12(b)(6).  Such dismissals are rare, *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief."  *Conley v. Gibson*, 255 U.S. 41, 45-46 (1957);   *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.").  In other words, a Rule 12(b)6) dismissal is not warranted merely because the court "believes the plaintiff is unlikely to prevail on the merits."  *Clark*, 794 F.2d at 970.  "Even if it seems 'almost a certainty. . . that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim."  *Id.*  (quoting *Boudelouche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

In considering Defendant's motion, this Court must liberally construe the complaint in

---

[4] If, however, the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, then the court must proceed as it would under Rule 12(b)(6).  *See Xerox Corp.*, 888 F.2d at 350-51.

[5] Although this court takes notice of matters which occurred in *Aldridge I*, this does not convert Defendant's Motion to Dismiss into a motion for summary judgment.  *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint.  However, courts may also consider matters of which they may take judicial notice."); *see also* Fed. R. Evid. 201 (A judicially noticed fact must be one. . . generally known within the territorial jurisdiction of the court. . .").

favor of the plaintiff, accept all well-pleaded facts as true, and view all facts in the light most favorable to the plaintiff.  *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105 (1983).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

## B. Res Judicata

Defendant advances three different arguments in favor of dismissal.[6]  The first is that Plaintiff's claim is barred by *res judicata*.  (*See* Def.'s Mot. at 5).  The second is that Plaintiff failed to present his claim to the proper administrative agency.  (*See* Def. Mot. at 8).  The third is that Plaintiff's claim is barred because his injury was incident to service.  (*See* Def.'s Mot. at 11).

For a prior judgment to bar an action on the basis of *res judicata*, or claim preclusion, a four-part test must be satisfied: (1) the parties in both suits must be identical; (2) the prior judgment must have been rendered by a court with proper jurisdiction; (3) there must have been final judgment on the merits; and (4) the same cause of action must be involved in both cases. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994); *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (citation omitted); *see also Kilgoar v. Colbert County Board of Education*, 578 F.2d 1033, 1035 (5th Cir. 1978).  If these factors are

---

[6] This Court notes that its resolution of the Motion to Dismiss was facilitated by what it considers to be the excellent organizational structure of the motion. . . which is more than can be said for other motions to dismiss filed by the Defendant during related proceedings.  For example, in this Motion, Defendant separately identifies the proper standard for dismissal, and each counterclaim and ground for dismissal.  The Court appreciates Plaintiff's care in structuring its arguments for the Court's consideration.

met, *res judicata* prohibits either party from raising claims or defenses in the later action that were or could have been raised in support of or in opposition to te cause of action asserted in the prior action. *See Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis omitted).

The first three factors are clearly met - parties are identical, and this court had proper federal jurisdiction when it made a final determination dismissing the case due to the tolling of the statute of limitations under the FTCA. Thus, the factor at issue in this case is whether both suits involve the same cause of action. Plaintiff argues that he brings a different cause of action because his original claim actually did not accrue until June 2002. (*See* Pl.'s Resp. at 3).

In determining whether two suits involve the same claim, the Fifth Circuit looks to "whether plaintiff bases the two actions on the same nucleus of operative facts." *Matter of Howe*, 913 F.2d at 1144. Plaintiff appears to have raised his present claim against the Defendant in his prior action. Further, the claim he asserts now rises from the same nucleus of operative facts. Despite his contentions otherwise, Plaintiff is merely attempting to reargue the same claim under the FTCA, 28 U.S.C. §§ 1346, 2671-2680, with a different accrual date, under *Aldridge I*. Consequently, Defendant's claims must be dismissed. *See Icee of America, Inc. v. Mid-American Icee Corp.*, 2005 WL 2415940, *16 (N.D. Tex. 2005) ("The doctrine of *res judicata* prevents the relitigation of claims that have already been finally adjudicated or that should have been litigated in a prior lawsuit.").[7] As Plaintiff's claim is barred by *res judicata*, it is unnecessary to address Defendant's subsequent alternative arguments.

---

[7] Although this Court affords Plaintiff a certain measure of leniency as he proceeds *pro se*, *see Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam), it simply can not allow Plaintiffs to relitigate claims based solely on assertions of "faulty memory." The Court is not only bound by *res judicata*, but concerns for judicial efficiency and fairness.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**.


     It is so ORDERED.
     ENTERED: October 27, 2005.

_____
JERRY BUCHMEYER,
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS